# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

**HENDERSONVILLE HOLDINGS, LLC**

    PLAINTIFF,

V.

**LAWRENCE HOGAN**

    DEFENDANT.

CASE NO. _____

COMPLAINT FOR DECLATORY JUDGMENT, QUIET TITLE AND FOR ATTORNEY'S FEES

HENDERSONVILLE HOLDINGS, LLC (hereinafter "Plaintiff") files this Original Petition complaining of LAWRENCE HOGAN ("Defendant") and in support thereof would state as follows:

## NECESSITY OF ACTION

Plaintiff brings this Declaratory Judgment action seeking judicial determination as to, *inter alia*, the ownership of portions of the interior of Plaintiff's "side" of a building that the parties share. For the reasons detailed below, Defendant's refusal to release his interest in the interior of Plaintiff's side of the building is unreasonable and on the wrong side of North Carolina law. If Defendant's claim of ownership in a portion Plaintiff's Property persists, Plaintiff's "side" of the property (valued at well over $1,000,000) would be completely unsellable, and thus rendered worthless.

## PARTIES

1. Plaintiff Hendersonville Holdings, LLC is a Delaware limited liability company with its principal place of business in Houston, Texas. Plaintiff has two members: Jason and Amanda Kraus who are married, reside and are also domiciled in Houston, Texas. No member of Plaintiff is a citizen of The State of North Carolina.

{SK013498.DOCX 7 }

2. Defendant Lawrence Hogan is an individual domiciled in North Carolina. He may be served with service of process by serving him at his office located at 229 N. Main Street, Hendersonville, NC 28792 or wherever else he may be found. Defendant is not a citizen of The State of Texas.

**JURISDICTION AND VENUE**

Plaintiff's claims arise under the statutes and common law of North Carolina. The court has diversity jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because the Plaintiff and the Defendant are citizens of different states and the amount in controversy well exceeds $75,000, excluding interest and costs. If Defendant's claim of ownership of the interior of Plaintiff's Property is valid, Plaintiff's "side" of the property (valued at well over $1,000,000) would be completely unsellable and rendered worthless.

Defendant Hogan resides in North Carolina, his principal place of business is in North Carolina, and he is essentially at home here in North Carolina. The Court therefore has general jurisdiction over Hogan. Exercising personal jurisdiction over him would not offend traditional notions of fair play and substantial justice.

Specific jurisdiction exists over Defendant because the claims against him arise out of actions taken in North Carolina and relates to North Carolina property. As such, Hogan has purposely availed himself of the privilege of doing business in North Carolina. Exercising personal jurisdiction over him would not offend traditional notions of fair play and substantial justice.

Last, all of the events or omissions giving rise to Plaintiff's claims occurred in this District, and the entirety of the property that is the subject of the action is situated in this District. Venue therefore properly lies in this District under 28 U.S.C. § 1391(b)(2).

## BACKGROUND

Plaintiff and Defendant are neighbors, owning distinct fee-simple portions of a historic downtown Hendersonville property known as the "Peoples Bank Building" located at 225 N. Main Street. Plaintiff "side" of the Building is a mixed use of residential and commercial while Defendant's side is solely being utilized as commercial use.

Upon information and belief, Defendant has owned "his side" of the Building since 1997, a decade after Plaintiff's predecessor in interest, Ken and Sharon Allen, purchased "Plaintiff's side" of the Building in 1987. Plaintiff purchased "its side" of the building from the Allens in 2022. Both "sides" are fully independent of each other, each with their own address, tax parcel id and utilities. The only thing tying these two "sides" of the building together is the front façade of the Building.

A recent survey of Plaintiff's "side" revealed that a significant portion of the interior of Plaintiff's "side", including the staircase leading up to the residential portion of Plaintiff's side, is legally owned by Defendant despite Defendant never having access to any interior portion of Plaintiff's "side". Here is a "snip" from the survey showing the areas in question:



In January 2024, Plaintiff gave notice of this controversy to Defendant, asking him to release any and all rights Defendant may have in Plaintiff's "side" to Plaintiff. But instead of simply being a good neighbor and agreeing to Plaintiff's request, Defendant instead saw it as an opportunity to leverage other unrelated demands from Plaintiff. Plaintiff is asking for nothing more than a confirmation of what has been the *status quo* between Defendant, Plaintiff and the Allens for the last 35 years. But apparently that isn't good enough for Defendant. Showing his true colors, he wants more; thus, a justiciable controversy has arisen.

## **CLAIMS FOR RELIEF**

**1. Declaratory Judgment to Quiet Title to the interior of Plaintiff's Property**

To prevail in a suit to quiet title, a plaintiff must prove: (1) he has an interest in a specific property; (2) title to the property is affected by a claim by the defendant; and (3) the claim, although facially valid, is invalid or unenforceable. Plaintiff is the owner of its "side" of the Building, distinct in address, tax ID and utilities from Defendant's side. The plaintiff's interest in the real estate is by limitation title, perfected as a result of its March 2022 fee simple deed to its "side" of the Building.

### *Invalidity of Defendant's Potential Claim*

The Defendant's unwillingness to remedy this dispute constitutes a "claim" under which the defendant asserts an interest that interferes with the plaintiff's title, although appearing valid on its face, is in fact invalid and of no force or effect. The plaintiff will show that at no time in this Building's history has Defendant had access to Plaintiff's "side" of the Building.

### 2. In the alternative, Declaratory Judgment for Adverse Possession of the interior of Plaintiff's Property

Under North Carolina law, the recognized elements of adverse possession are as follows: There must be an actual possession of the real property claimed; the possession must be hostile to the true owner; the claimant's possession must be exclusive; the possession must be open and notorious; the possession must be continuous and uninterrupted under the applicable statutory period; and the possession must be with an intent to claim title to the land occupied.

Plaintiff has owned the property since 2022 and its predecessor in interest owned the property since 1987. If the two successive interests are "tacked" together, open and notorious ownership amounts to almost 35 years, well in excess of the statutory time period required for adverse possession under "color of title" in North Carolina. As such, Plaintiff seeks a judicial declaration that the entirety of Plaintiff's "side" of the Building is owned exclusively, and in fee simple, by Plaintiff.

### **PRAYER FOR RELIEF AND ATTORNEY'S FEES**

Wherefore, Plaintiff respectfully requests that this Court:

1. Declare Plaintiff's legal rights and responsibilities as set forth above and specifically requested in the paragraphs and subparts thereof.

2. Grant Plaintiff its reasonable attorney's fees as allowed by statute and common law.

3. Enter such other relief as the Court deems just and proper.

**THE KRAUS LAW FIRM**

/s/

_____
Jason David Kraus
Federal Bar. No. 895467
North Carolina Bar No. 27929
Texas Bar No. 24058234
19500 State Highway 249, Ste. 350
Telephone: 281-781-8677

Facsimile: 281-840-5611  
jdk@krausattorneys.com

**Attorney in Charge for Plaintiff**

